## THE WILDCROFT.

(District Court, E. D. Pennsylvania. December 5, 1903.)

### No. 32.

Motion for Reargument. Motion denied.
For former opinion, see 124 Fed. 631.

Horace L. Cheyney, for libelant.
Henry R. Edmunds, for respondent.

J. B. McPHERSON, District Judge. A reargument of this case (which is reported in 124 Fed., at page 631) is asked on the ground that by a recent decision (Martin v. The Southwark, 24 Sup. Ct. 1, 48 L. Ed. ——), in which an opinion was delivered on October 19, 1903, the Supreme Court of the United States has laid down a rule concerning the burden of proof that is inconsistent with the findings of this court in the case now under consideration. The rule referred to is well known. It casts upon the ship the burden of proving sea-worthiness at the time of sailing, and the point decided in The Southwark is that the rule was not modified by a certain stipulation in the bill of lading that was then before the court. The courts below had decided otherwise. In the present case it will be found, I think,

that the proper rule was applied, and that the Wildcroft was required to carry the burden of proving how the injury to her cargo was done. I quote from the opinion, on page 636:

"The libelant asks me to say that a presumption of negligence arises from the fact that at the end of a voyage merchandise that has been received by a carrier in good condition for safe conveyance is found to be damaged, and that the burden of proof is upon the carrier to explain the cause of the injury, upon penalty of being held liable if he is unable to clear his skirts of fault. No doubt this proposition is sound, and does not need the support of authority; but it does not establish the libelant's right to a decree in the present case, for the plain reason that the ship accepted the burden of proof, and has satisfactorily shown how the sugar in the bottom of the two holds came to be injured by fresh water."

This seems to me to be strictly consistent with the rule laid down in the case of The Southwark, and I do not see, therefore, any reason for a reargument of the present case.

The motion is refused, and a final decree is directed to be entered.